Counsel for Appellant, please approach Empress E. when you're ready. Judge Rawlinson, may it please the Court, Michael Paisner representing Appellant, The Boeing Company. I'd like to reserve three minutes for rebuttal. Just this term, the Supreme Court held in Dart, Cherokee, that there is no anti-removal presumption under CAFA, and that CAFA is to be construed broadly in favor of removal. As this Court recognized just days ago in Jordan, the subject of our recent Rule 28 J letter, Dart, Cherokee overrules prior circuit precedent on this issue. It also removes a significant premise of the District Court's opinion. There is no dispute that this case meets the threshold requirements for mass action status, including minimal diversity, as Boeing is a citizen of Delaware and Illinois. And plaintiffs have failed to carry their burden of establishing that either of the two narrow exceptions at issue applies. The single event exception... Are we really focusing on the event or occurrence here? Excuse me, Your Honor? This is, you know, Abraham and Nevada. I mean, aren't we... don't we really need to focus on that? Well, Your Honor, of course, as Dart, Cherokee explains, the presumption is in favor of removal in this situation, and so we think that's an important predicate for the analysis of the single event exception. But yes, one of the exceptions that plaintiffs are invoking is the single event exception, and they fail to satisfy that standard because they, in fact, allege that their claims arise from multiple different events or occurrences. Well, if you have... all right, well, we have Nevada in our circuit, and the district court relied on Abraham and seemed to like that analysis better than Nevada, but it would... what's your strongest argument that the Third Circuit's opinion in Abraham improperly expands the definition of event or occurrence as used in the local single event exception in CAFA? I know it talked about the Civil War, which I'm not sure I buy that, but... Well, Judge Callahan, of course, as you noted, Abraham is consistent... inconsistent with this Court's decision in Nevada, and it's also inconsistent with Dart, Cherokee, which explains that there needs to be a presumption in favor of removal. But even if this Court is inclined to follow Abraham, it's still the case that that case actually supports our position here. And the Third Circuit explained it in a paragraph on page 280 of that opinion, where it identifies a number of factors that would have led to a different result in that case. And the way the case... the way the Court characterized the facts of that case was that it involved a continuous omission from a neglected, no longer operational Illumina refinery. And then the Court noted certain distinguishing factors that would have led to a different result. First, it noted that there was no allegation that separate and discrete events had led to the omissions in that case. And, of course, that's exactly what we have in this case. That's the remediation. Well, that's... that would be about the release. But there is a second point about the remediation, which is the Court noted that the removal of... there was no allegation that the removal of the substances in Abraham had led to heightened harm. And, again, that's precisely what we have in this case. Plaintiffs have made separate allegations that the deficient remediation and investigation of the contamination here heightened their harm from the initial releases. And, in fact, that's the only basis for their claim against Landau, which did not come into the picture until 30 years after the releases began from the Boeing facility and had no involvement in those releases. So the only basis for their claim against Landau is subsequent events that occurred 30 years after the releases. So is it your position that in order to come within the single event, single occurrence exception to mass action under CAFA, it would have to be an event that occurred on a date certain and no other date? No, Judge Hawkins, that is not our position. The standard that flows from the text of the provision and from this Court's decision in Nevada is that there must be a discrete incident that is continuous over time. There could be some continuing conditions that would qualify as a single event or occurrence. And perhaps the Abraham case, I think it's a close call. Perhaps it falls within that definition. But this case is very different. In this case, as I noted earlier, you have the allegation of separate harm from the remediation and investigation and the separate claim against Landau. In addition, you have a separate allegation that the individualized testing and sampling on plaintiff's properties in 2013, 40 years now after the release, led to separate and heightened injury to the plaintiffs. And, of course, in Nevada, this Court dealt with a very similar question. It dealt with the question of whether the interactions between individual borrowers and a bank constituted a single event. And this Court said, no, you have to look at the individual transactions. It's precisely the case here. Plaintiffs are alleging independent harm from the individual interactions in connection with the testing and sampling. What were the individual interactions in this case? In the Nevada case, it's easy, the Bank page. Each borrower had to actually go in, fill out papers, be assessed for a loan. So the borrowers really initiated the contact with the lender. So what are the individual interactions in this case to which you compare? Yes, Judge Rawlinson, if you look at plaintiff's complaint and the provisions are 4.18, 4.20, 4.21, and then 5.18 and 5.26, they allege that Landau and Boeing and the State Department of Ecology, which is supervising this entire investigation and remediation, came onto their properties to conduct testing and sampling and conducted those individual activities on their individual properties. Now, in order for plaintiffs to be able to demonstrate independent injury, they will have to present proof on each of those interactions, each of the testing and sampling visits. They will have to identify proof showing that they were harmed and that Landau and Boeing acted negligently or deficiently in connection with that testing and sampling. And the bottom line is that plaintiffs are masters of their complaint. They've decided how they wanted to plead this case. They wanted to plead heightened harm as a result of the investigation and remediation, and they wanted to drag Landau into this case in order to destroy complete diversity. And now that Landau is in this case, they're stuck with the fact that Landau's actions were 30 years after the initial releases and Landau had no involvement in the initial releases. Even if Landau weren't there, you're still saying that there's two different discrete actions relative to Boeing, right? Yes, Your Honor. We are saying that. And they're actually... Maybe there's three, if you count Landau. Well, there are multiple discrete actions, I think, just involving Boeing, because if you look just at the releases, plaintiffs allege at least two separate locations on the property where the releases occurred over decades of manufacturing activities. They allege two separate plumes coming off of the property in 2002 and 2009, seven years apart. And then they allege that Boeing was involved in the testing and sampling. So, and those are going to be individual interactions with each of the plaintiffs whose property was tested and sampled. Counsel, what do you make of the language in Bank of America that excludes, that describes an environmental accident as a single event or occurrence? What do we do with that language? Well, of course, the court referred to an environmental accident, which does not characterize this case. This is a case about multiple decades of manufacturing activities. And then you have to add on top of that the remediation, the investigation, and the individualized testing and sampling. And the fact of the matter is, plaintiffs have chosen not to plead this case as an environmental accident. They've chosen to plead this case as an expansive set of allegations about 40 years of conduct. And there would be plenty of examples of cases involving environmental harm. You can think of Bhopal, the event in India, the Deepwater incidents that occur over a continuous period of time where that would most likely fall within the single event exception. And probably the facts of Abraham as well, given the special circumstances that I was describing to you, Judge Callahan, the ongoing emission from a neglected facility over time. If you were to go and, at any time over that decade, if you were to go and look at those piles of red mud, you would see exactly the same thing happening. There was nothing to differentiate it. Here, there are multiple distinct discontinuous periods. Let me ask you this. I'm not reflecting what we're going to do or that we even know what we're going to do. But let's just assume that, hypothetically, if I agree with you that you are properly in federal court on the event or occurrence, that you get past that, then it doesn't really, the Landau issue doesn't really matter, right? That's true for single event or occurrence, but it would matter for local controversy. Well, but okay, then I'm going to get to that. But on the local controversy, the district court really did not get to that, correct? That's right, Judge Callahan, it did not. So even if, let's say that I say you're right on the single event, but you're wrong about fraudulently adjoined, but even then, wouldn't it still have to go back to the district court to deal with a local single event exception? The local controversy? The local controversy, rather. I'm sorry. Judge Callahan, that would be one permissible remedy here. How could we really deal with it here, if we got to that point? Well, this court's review is de novo, and local controversy is to be determined based on the complaint. And the district court really didn't develop that. And then if Landau's in, I mean, it seems to me that there could be a non-frivolous argument. I don't know whether it would win or not, but a non-frivolous argument that, I mean, Landau is here, right? Well, Judge Callahan, we believe that there's no duty from Landau to these plaintiffs, and the district court relied on third-party beneficiary status. There is no third-party beneficiary claim in this complaint. And furthermore, as the district court noted, there is an express disclaimer of third-party rights in the Boeing-Landau contract. Washington law is crystal clear. Multiple cases have held. In the presence of an express disclaimer, a third-party beneficiary contract cannot arise. That is clear in multiple Washington cases. We cite them in our brief. But let me just, on the complaint, and on local controversy, it's their burden to prove local controversy. They have to allege sufficient facts from which this court can determine that Landau's conduct is a significant basis for their claims as compared to Boeing's conduct, and that the relief that they're seeking from Landau is significant as compared to the relief that they're seeking from Boeing. And they have not come close to... Did the district court cut off the development of that record by virtue of how the district court decided this case? Or you're just saying, just take what's there, and they didn't? Well, it has to be, as this court made clear in Coleman, the decision has to be made based on the complaint. They are not permitted to introduce additional facts to support significant basis and significant relief. And here, and Coleman said, it's to be the lens of an experienced lawyer or judge looking at the complaint. And I would submit any experienced lawyer or judge looking at this complaint, where Landau had nothing to do with the releases from the Boeing facility, is not a party to the agreed order with the State Department of Ecology, and only a single claim has been asserted against Landau, three claims against Boeing. This case is about what Boeing did. It's not about what Landau did. That is easy to see on the face of the complaint. And on significant relief, if I can just mention, they have not even pled joint in several liability. They say in their appellate brief, we're seeking relief equally from Boeing and Landau. You can't just say it in your appellate brief. You have to allege it. They have not alleged joint in several. They have not alleged an indivisible harm here. And really, all that they're going after Landau for is the conduct in 2013, the testing and the sampling, just a small sliver of what occurred here. I'd like to reserve the rest of my time. All right. Thank you, counsel. Thank you. May it please the Court, David Bigelow on behalf of the appellees. It may be that the Dart and Jordan cases foreclose a true CAFA case from that presumption against removal. But the appellant has failed to include the language that both Dart and Jordan use to describe the cases that they were dealing with. And at page 554 in the Dart opinion, the Court identified CAFA as a scheme to, quote, ensure federal court consideration of interstate cases of national importance, citing to both their standard fire insurance case and quoting from the Senate report 10914 at page 43. Similarly, the circuit in Jordan echoed Dart's reference to the Senate report in describing Congress's intent to favor federal jurisdiction over class actions with interstate ramifications, citing page 35 of the Senate report. This is not a class action, and even under 1332 D11, if it's considered a mass action and therefore meets those criteria of class action, it is certainly not a case of national importance or national significance. Counsel, do you agree with opposing counsel that the district court relied heavily on the presumption against removal? No, I don't agree that they relied heavily on it, but it was the law at the time. In fact, Sygenta Crop Protection, the Supreme Court case, assumed and stated that it was a presumption against removal. Well, it wasn't the law under CAFA, really. I mean, because we hadn't spoken on that point. We had not. This district, or I'm sorry, this circuit had not addressed that issue. But removal generally, there used to be a presumption against removal generally. So do you think it might be appropriate to send the case back for the district court to consider without the presumption that was assumed to apply to removal generally? I believe that this court could return it to the district court with that direction and have exactly the same result in terms of the remand order for the reasons that we've discussed in the briefs. And I would also point out in response to the question about do we need to return this to the district court in order to address the local controversy issue that this court, under its statements in Nevada, and I apologize, can affirm the district court's order on any ground fairly represented in the record. We submit that the grounds submitted in the record include the district court's analysis, for example, of Landau's own motion to dismiss, which is at docket number 38, filed six weeks before the remand order issued. And Appellee's response to that at docket number 39 in the district court's record, we would ask if it's possible that this court take judicial notice of those factors only because it shows that the district court had the ability to consider whether or not Landau had an independent duty. And as we show in our brief, Landau had an independent duty. Well, I'm troubled by the fact that you allege that Boeing engaged in several separate torts, pollution, negligent investigation, and negligent remediation. And it seems that it's certainly a non-frivolous argument that that places the action even outside the Third Circuit's definition of an event or occurrence. And Abraham is, to me, broader than Nevada, and we're in the Ninth Circuit, so Nevada's really what, there's already, you could arguably say there's already a split in the circuit, but we have to follow Nevada. But even, but I think what appellants are arguing, that even if you look at the reasoning of Abraham, that Boeing's, by its own complaint, is alleging pollution, negligent investigation, negligent remediation. So how can that be a single event? And the claimants in Abraham also alleged multiple harms and multiple behaviors. But the Abraham court was focusing on whether there was a continuum of behavior, as there is here. And one of Boeing's main deficiencies is that it is ignoring the actual realities of hydrology and geology and the mechanism of pollution of soil and water, which are ongoing effects and which are, in fact, the cause of the harm in this case. Harm that they can't see or prevent it. It is that ongoing harm that is the continuum that brings this into the scope of Abraham. We've also referred to the court to the Rainbow Gun Club case of the Fifth Circuit. Rainbow Gun Club takes a slightly different approach, but we think it's capable of being harmonized with Nevada to the extent that the Rainbow Court considered multiple independent acts of negligence, pled as independent acts of negligence, but also adopted the Abraham court's continuum of behavior to define one event or occurrence. The Rainbow Court, parenthetically, by the way, noted that Congress considered explicitly adopting this limiting language that Boeing urges and rejected it. And at the volume 151 of the congressional record for the Senate at 1076-1, that specific on-again, off-again, on-again, off-again concept was rejected. The Rainbow Court found that the event that was injuring the people was not these discrete acts of negligence, but the injury to thus an event resulted from these collective acts. We believe that this court could adopt that concept and not be inconsistent with Nevada as well. Neither Abraham nor Rainbow are inconsistent with Nevada, given Nevada's facts of not just discrete events, but the... But Abraham says civil wars weren't a single event. And I understand that your Honor's concerned that that may be stretching things too far. I don't think the Supreme Court would agree with that. Well, there is, however, the, again, returning to the reality of this case. The behavior here is not the manufacturing of the planes. The behavior is dumping toxic substances into a plane. None of the individual discrete acts that Boeing suggests took place have anything to do with the actual harm that is flowing towards these individual plaintiffs. I would like to point out that I think it's disingenuous to suggest that there is not an independent duty, as Boeing may have suggested, because the Washington Supreme Court holds that engineering firms such as Landau owe an independent duty, even without privity of contract. Now, as far as the local controversy goes, we meet those requirements. All of the appellees are citizens of Washington. Landau is a citizen of Washington. All of the appellees seek significant relief from Landau and... But you don't have to be a rocket scientist, as it were, to realize, I think, that Boeing's got deeper pockets than Landau and has a lot more involvement here, even though I'm sure everyone will contend otherwise at some point. Well, this circuit has said in Coleman that there is no need, in fact, there's not the ability to look through an extrinsic lens at the ability to pay, or other outside factors. Coleman says that you look at the complaint to assess the issue of significant release. What's your response to opposing counsel's observation that the pleadings don't really seek significant relief against Landau, that there is no joint and several liability plead, and there's no significant relief sought against Landau? What's your response? My response on joint and where there is an innocent plaintiff or plaintiffs as we have here, all parties who are alleged to and shown to have caused injury for economic damage are jointly and severally liable. An independent pleading is virtually irrelevant because the law imposes that obligation. What about the relief that's sought against Landau in the pleadings and the lack of third-party beneficiary? There is no need to have a specific third-party beneficiary claim because, again, Washington law, as we state in the Lonsdale v. Chesterfield case, says that when work is properly done by a contractor, that work necessarily, as a matter, again, of law, benefits the third parties who plead. Those two factors, the independent duty and the benefit to third parties, apply under Washington law, and we argue apply notwithstanding their attempt to disclaim it. Landau's failure to warn or to remediate when advised of this presence of the toxic substance is a significant basis on which to impose liability, and in fact, again, the Coleman court at page 1020 rejects the notion that a party such as Landau, purportedly controlled by another, whether it's Boeing or the Department of Ecology, is not liable for its own conduct. To paraphrase Coleman, the conduct of Landau, even if controlled by Boeing or the Department of Ecology, is the conduct of Landau, and Landau can be held liable for that behavior. As far as what we are asking for in terms of relief, the party, the appellees have asked for exactly the same quanta of relief from both Boeing and Landau. There is no difference. We are not saying, well, Boeing should be responsible for this and Landau for that, and somehow those are two measured against one another. We are asking for the difference in the value of the property, the cost of remediation, the cost of repair and restoration, consequential damages from both parties, and under Washington law, both parties are responsible for those damages. Now, when Landau comes into the case, it is only stepping in the shoes of Boeing's ongoing, continuing conduct, and to the extent that this is an event or an occurrence under the rubric, not just of Abraham, but also under Nevada, because the court in Nevada points out that the event or occurrence exclusion does apply where we have a truly local event with no substantial interstate effects. There are no truly single event, Nevada says. And that definition of single event only comes after Nevada is decided, and it is only present thus far. It is not in the statute itself. It is not in the Supreme Court rulings. It is not in this circuit's rulings, and it is not even in the statute. The intent is to allow cases involving environmental torts, such as a chemical spill, to remain in state court if both the event and the injuries are truly local. Those words define this case, and Abraham and Rainbow Gun Club define event or occurrence, which will not be inconsistent with this court's rulings in Nevada. The difficulty I'm having is that opposing counsel makes the point that the contamination is one event and then the remediation is a separate event. What is your response? To the extent that Boeing has, and Landau, have a duty on notice of toxic exposure to behave in a reasonable and lawful way, I don't believe that that is a separate, discrete behavior. But Landau doesn't come until many, many years later. And Landau comes in... So how can that suddenly then just meld into that they are involved the last 30 years? Because we're dealing with the same damage and harm to the same people. The continuum of harm is the event in this case, as the Rainbow Gun Club says, not the individual discrete acts. To that extent, we think that the court below did properly analyze Abraham. If they're two separate plumes of contamination 40 years apart, you still say that's one event? They're actually not 40 years apart, but... I'm just saying, if I said, if there were two separate plumes of contamination 40 years apart, you'd still say that's a single event? If they are from the same source, using the same mechanism of injury, I would, Your Honor. And with that, we'll ask the court to consider all possible and fair inferences from the record below and affirm the court's order of remand. Thank you. All right. Thank you, counsel. Roboto? Thank you, Your Honors. I thought it was significant that my colleague began his remarks not with the text of the statute, but going directly to the purpose. And this is a case of interstate significance. There's no dispute. All of the threshold requirements for mass action status have been met. Boeing is a diverse corporation, a citizen of Delaware and Illinois. And DART, Cherokee, and this court's decision in Jordan make clear that when that's the case, the presumption is in favor of removal and the exceptions are to be construed narrowly. Judge Callahan, you made the point about Nevada being a narrower interpretation of the exception than Abraham. That's exactly right. But even under the terms of Abraham, the court notes that there was no allegation that removal of the substances had led to heightened harm. And that is precisely the allegation that we have here, not only against Boeing, but against Landau. And let's be clear about what's happening here. Plaintiffs are trying to have it both ways. They want to bring Landau in to destroy complete diversity because otherwise this case would be in federal court because Boeing and the plaintiffs are diverse. But they want Landau to be in, but then they want to argue it's not the same event or it is the same event or occurrence as the actions that Boeing took decades earlier. And that is just flat out inconsistent. But if it's not a single event, the Landau doesn't matter. Well, Landau's inclusion simply demonstrates how absurd it is to argue that this is a single event. They want Landau in to destroy complete diversity, but they want Landau out when it comes to single event. And they can't have it both ways. If Landau's in, they're in for everything and they're in in analyzing whether there are multiple events. Just on the Coleman case, Coleman is the leading Ninth Circuit decision on local controversy. It is easily distinguishable. There, it was a lawsuit against a parent corporation and it's an out-of-state parent. It's in-state subsidiary. The in-state subsidiary had taken all of the actions in that case. It was a wages and hours case. The local sub had done all of the hiring. It had done all of the employing. Plaintiffs asserted the same claims against the sub and the parent, very different from here where they're asserting different claims and only a single claim against Landau, three claims against Boeing, and significantly joint and several liability was pled in that case. Despite what my colleague said, you have to plead it and you've also got to plead under Washington law. It's an indivisible loss and this loss here is not an indivisible loss. It can be determined what portion is Landau's responsibility and what portion is Boeing's responsibility. And Landau's only actions here in reality were from 2013 and on, the testing and sampling. And as the record, the undisputed record shows in this case, only 14 properties total out of these 116 were sampled and only a fraction of them were plaintiffs. So they are seeking to bring Landau in based on 10, essentially 10 properties that were sampled. Thank you, your honors. Thank you to both counsel. The case just argued is submitted for decision by the court and we are in recess for today.
judges: Hawkins, Rawlinson, Callahan